# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 04 CR 50031 | **DATE** | 5/28/2004 |
| **CASE TITLE** | United States of America vs. Sykes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the attached Memorandum Opinion and Order, the Government's request to hold a detention hearing for Mr. Sykes under 18 U.S.C. § 3142(f) on the basis of safety to others and the community is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUN 01 2004 | |
| | Notified counsel by telephone. | date docketed | 7 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| sp | courtroom deputy's initials | 5/28/2004 date mailed notice | |
| | | sp mailing deputy initials | |
| | | Date/time received in central Clerk's Office | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 04 CR 50031 |
| COREY L. SYKES, | ) ) ) | Philip G. Reinhard P. Michael Mahoney |
| Defendant. | ) | |

## Memorandum Opinion and Order

A criminal complaint was filed and an arrest warrant issued against Corey L. Sykes ("Sykes") on May 10, 2004. This court held an initial appearance on May 13, 2004, during which the United States ("Government") moved for detention. On May 18, 2004, this court held a detention hearing. Ultimately, this court detained Mr. Sykes after determining that there was a serious risk that Mr. Sykes would not appear for subsequent court dates. However, the Government, in its motion for detention, also sought to attempt to detain Mr. Sykes under safety to others and the community section of the statute. This court orally denied the Government's motion for a detention hearing pursuant to the safety of others and the community section of the statute. This is a persistent motion the Government is making in a series of cases. Therefore, this court files this written opinion to address the matter in writing.

## Background

According to the criminal complaint, on Friday, April 30, 2004, a woman and three men entered MC Sports in Rockford, Illinois. The woman and the three men went to the firearms counter and started looking at handguns. After looking at the guns, allegedly one of the men informed the store clerk that they would be back. The group did in fact return later that evening. Allegedly, one

of the men pointed at a gun in the display counter and the female informed the store clerk that she wanted to purchase the gun. The female then completed Form 4473 on which she stated she was the "actual buyer." Due to the waiting time required for purchasing a gun, the group left after the woman filed out the proper forms without the gun.

Sometime after the group left, the Bureau of Alcohol, Tobacco and Firearms ("ATF") got involved. On may 5, 2004, an undercover ATF agent, acting as a store clerk, telephoned the female and informed her that she could pick up the gun. Shortly thereafter, the female entered the store. The ATF agent took the firearm into the back room, purportedly to log the firearm out of the bound book. In fact, however, the ATF agent removed the firearm from its box and dusted the firearm with a special powder. The ATF agent then placed the gun backed into its box and subsequently gave the box to the female. The ATF agent then observed the female get into the drivers side rear door of a car waiting in the parking lot.

Shortly after the car left MC Sports' parking lot, police officers stopped the vehicle. In the car were six adults and three children. The gun, just purchased by the female, was located out of its box on the floorboard of the front passenger seat, immediately below were Mr. Sykes was seated. Later that day Mr. Sykes was interviewed, and after waiving his *Miranda* rights, informed the police that he was a convicted felon but denied any knowledge of the gun or its purchase.

After arrest, the Government moved for detention on the grounds of safety to others and the community. However, in doing so, the Government conceded that possession of a firearm by a felon is not a crime of violence under Seventh Circuit case law, nor was it an offense for which the maximum sentence is life imprisonment or death, nor was it offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled

Substances Import and Export Act, or the Maritime Drug Law Enforcement Act, and nor had Mr. Sykes been convicted of two applicable felonies. Nonetheless, the Government stated that it could still move for detention on the grounds that Mr. Sykes was a danger to others and the community.

## Discussion

The Bail Reform Act of 1984 allows a federal court to detain an arrestee pending trial if the Government demonstrates by clear and convincing evidence after an adversary hearing that no release conditions "will reasonably assure ... the safety of any other person and the community." 18 U.S.C. § 3142(f). Specifically, in cases where the Government is moving to detain an arrestee for the safety of any other person and the community, the statute states the following:

> **(f) Detention hearing.** – The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of the such person as required and the safety of any other person and the community –
> (1) upon motion of the attorney for the Government, in a case that involves –
> (A) a crime of violence;
> (B) an offense for which the maximum sentence is life imprisonment or death;
> (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801, et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951, et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. § 1901, et seq.); or
> (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of the paragraph if a circumstance giving rise to Federal jurisdiction existed, or a combination of such offenses; or
> (2) Upon Motion of the attorney for the Government or upon

> the judicial officer's own motion, in a case that involves –
> (A) a serious risk that the person will flee; or
> (B) a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

18 U.S.C. § 3142(f).

In *United States v. Salerno*, 481 U.S. 739 (1987), the Supreme Court, in addressing whether pretrial detention to protect the safety of others and the community violated substantive due process, stated "[t]he Bail Reform Act carefully limits the circumstances under which detention may be sought to the most serious of crimes." *Id.* at 747 (citing 18 U.S.C. § 3142(f)(detention hearings available if case involves crimes violence, offenses for which the sentence is life imprisonment or death, serious drug offenses, or certain repeat offenders)). These circumstances, according to the Court, were limited to a specific category of individuals arrested for a specific category of serious crimes, whom Congress found were likely to pose a danger to the community after arrest. *Id.* at 750.

In fact, the Government, in arguing that the Bail Reform Act was constitutional in *Salerno*, acknowledged that pretrial detention was limited to only those circumstances found in the statute. *See* Reply Brief for the United States in *United States of America v. Salerno*, 1987 WL 880539, at *14.[1] In addition, the Seventh Circuit Court of Appeals has spoken on this issue. In *United States*

---

[1] Specifically, the Government wrote the following:
> A statute containing sweeping provision for incarcerating persons thought to be "dangerous"– without any resort to the criminal justice system would – obviously raise serious constitutional difficulties. We are confident that Congress would not enact, and this Court would not tolerate, a statutory scheme that displace the criminal justice system and replaced it with a "dangerousness" system in which any person found to be dangerous, after a civil or administrative proceeding, could be imprisoned. But a scheme embodying such a conception does not even remotely correspond

*v. Lane*, 252 F.3d 905 (7th Cir. 2001), in addressing whether a felon in possession constitutes a crime of violence for release on bail pending a decision on appeal, stated

> *Dillard* notes that classifying the felony of being a felon in possession of a gun as a crime of violence merely triggers a hearing into whether the defendant shall be detained pending trial. 18 U.S.C. § 3142(f)(1)(A). If it turns out that [defendant] is just a hunter or gun collector or otherwise harmless possessor, presumably [defendant] will be released. In contrast, unless being a felon in possession is classified as a crime of violence, there will be no hearing and [defendant] will *have* to be released, because the [Bail Reform] Act, with limited exceptions, does not permit a defendant to be detained pending trial unless he is a flight risk *or* is being prosecuted for a crime of violence. ... *Had Congress wanted all potentially dangerous defendants denied bail pending trial, it would have drafted the Bail Reform Act differently. To interpret "crime of violence" broadly in order to enable more defendants to be detained pending trial is to alter the legislative design.*

252 F.3d at 908 (citing 18 U.S.C. §§ 3142(f)(1) and (2)(emphasis added); *see also United States v. Dillard*, 214 F.3d 88, 91 (2d Cir. 2000)(stating "if the arrest offense is not within the statutory definition of 'crime of violence,' no detention hearing will be held (unless the defendant comes within some other provision for detention), and the defendant must be released, no matter how violent and dangerous.").

Mr. Sykes does not fall under any criteria listed in 18 U.S.C. § 3142(f). The Government has so conceded. The Governments attempt to detain Mr. Sykes under "the safety of any other

---

> to the conception or effect o f the Bail Reform Act. The provisions of the Act in issue here are ancillary to the criminal justice system, not a device for displacing it. ... Beyond the limitation inherent in permitting detention only in the course of an ongoing criminal proceeding, *Congress carefully restricted the pretrial detention provision to a narrow class of particularly dangerous defendants who satisfy specific statutory criteria.* 1987 WL 880539, at *14-15 (citing S. Rep. 98-225, 98th Cong., 1st Sess. 6 (1983)(emphasis added).

person and the community" provision of the statute is misplaced. Therefore, the Government's request to hold a detention hearing under 18 U.S.C. § 3142(f)(1) on the basis of safety to others and the community is denied.

## Conclusion

For the above stated reasons, the Government's request to hold a detention hearing for Mr. Sykes under 18 U.S.C. § 3142(f) on the basis of safety to others and the community is denied.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 5/28/04